

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable V. L. Pitman
County Attorney
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. 0-6261
Re: Whether the name of Lt. Col.
James E. Taylor can be placed
on the ticket in the special
election in which he is a
candidate for the State Sen-
ate under the facts stated.

Your letter of October 9, 1944, requesting the opinion of this department on the question stated therein, is in part, as follows:

"Lt. Col. James E. Taylor, whose home address is Kerens, Texas, is now in the military service of the United States and is overseas. As you may know, he is a candidate for the State Senate to succeed Senator Clay Cotten, deceased, Sixth Senatorial District. Lt. Col. Taylor has not filed his oath of allegiance as required by Article 2978, Revised Texas Civil Statutes. Please give us your opinion as to whether or not the name of Lt. Col. James E. Taylor can be placed on the ticket in the special election in which he is a candidate for the Senate."

Generally speaking all vacancies in State or District offices, except that of membership in the Legislature, are to be filled, unless otherwise provided by law, by appointment by the Governor with the advice and consent of two-thirds of the Senate Present. It is so provided by both the Constitution and the

Hon. V. L. Pitman, Page 2

statutes. (Article 4, Section 12, State Constitution; Article 19, V. A. C. S.).

Section 13 of Article III of the State Constitution provides:

"When vacancies occur in either House, the Governor, or the person exercising the power of the Governor, shall issue writs of election to fill such vacancies; and should the Governor fail to issue a writ of election to fill any such vacancies within twenty days after it occurs, the returning officer of the District in which such vacancy may have happened, shall be authorized to order an election for that purpose."

Pursuant to the foregoing provisions of the State Constitution an election has been called to elect a Senator to succeed the late Senator Clay Cotten in the Sixth Senatorial District of Texas.

Article 2978a, Vernon's Annotated Civil Statutes, provides, in part:

"Sec. 1. No person shall be permitted to have his name appear upon said official ballot as a candidate for any office in this State unless and until he shall file with the Secretary of State his affidavit, in a form to be prescribed by the Attorney General, that if elected to the office which he seeks, he will support and defend the Constitution and laws of the United States and of Texas. Said affidavit shall further recite that such candidate believes in, approves of, and if elected will support and defend our present representative form of government, and will resist any effort or movement from any source which seeks to subvert or destroy the same or any part thereof. Use of the masculine term herein shall be construed to include the feminine. . . "

This department has held in Opinions Nos. O-4525 and O-6055, copies of which are enclosed for your convenience, that the provisions of Article 2978a, Vernon's Annotated Civil Statutes apply to the official ballot in general elections, and in general elections only. Therefore, it is our opinion that Article 2978a

Hon. V. L. Pitman, Page 3

is not applicable to the special election under consideration and that the name of James E. Taylor can be placed on the ticket in the special election in which he is a candidate for the Senate.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:go
Encl.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN